**IN THE COURT OF APPEALS OF IOWA**

No. 24-0284
Filed April 24, 2024

**IN THE INTEREST OF K.B.,**
**Minor Child,**

**K.R., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, Judge.


A mother appeals the order terminating her parental rights.  **AFFIRMED.**


Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Gina Burress of Carr Law Firm, P.L.C., Des Moines, attorney and guardian ad litem for minor child.


Considered by Schumacher, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

The juvenile court terminated a mother's and father's parental rights to their child, who was less than two years old at the time of the termination hearing. Only the mother appeals. She contends the State failed to prove a statutory ground for termination, the court should have applied a statutory exception to termination, and the court should have established a guardianship with a relative instead of terminating her rights. Our review is de novo; we give weight to the juvenile court's fact findings, but we are not bound by them. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).

Termination-of-parental-rights proceedings follow a three-step process of determining (1) if a statutory ground for termination has been established, (2) whether termination is in the child's best interest, and (3) whether any permissive exception to termination should be applied. *In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2018). Then we address any additional claims raised by the parent. *In re A.D.*, No. 23-1695, 2024 WL 111259, at *1 (Iowa Ct. App. Jan. 10, 2024).

We start our discussion of the mother's challenge to the statutory grounds authorizing termination of her rights by noting that "[w]hen the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Of the two grounds for termination found by the juvenile court, we choose to focus on section 232.116(1)(e), and we find that statutory ground for termination satisfied.

Termination under section 232.116(1)(e) requires proof that (1) the child has been adjudicated in need of assistance, (2) the child has been removed from the mother's physical custody for six consecutive months or more, and (3) the mother has not maintained significant and meaningful contact with the child during the previous six consecutive months. "Significant and meaningful contact" requires, at a minimum, "affirmative assumption . . . of the duties encompassed by the role of being a parent." Iowa Code § 232.116(e)(3). The State proved the mother failed to maintain significant and meaningful contact with the child. The mother has been in drug treatment or jail for nearly all the child's life. The extent to which she has failed to assume parental duties is summed up by her testimony, "I believe he knows who I am." If, as the statute requires, the mother had affirmatively assumed her parental duties, there would be no question the child knows who she is. We reject the mother's challenge to the statutory grounds for termination.

Ordinarily, we would next consider whether termination is in the child's best interests. However, the mother failed to develop any best-interests argument for our consideration, so we consider that issue waived. *See In re B.D.*, No. 23-0105, 2023 WL 2671958, at *1 (Iowa Ct. App. Mar. 29, 2023) (finding waiver of an issue due to failure to properly present and develop it).

We turn to the mother's claim that a statutory exception to termination should be applied. The mother combines this claim with her contention that a guardianship should be established in lieu of termination of her rights, so we address the two claims in tandem.

Application of a statutory exception to termination is permissive, not mandatory, and it is the parent's burden to prove that the exception should be applied. *A.S.*, 906 N.W.2d at 475–76. The mother relies on the exception in section 232.116(3)(a), which permits the court to deny termination of rights when "[a] relative has legal custody of the child." There is no question that a relative has legal custody of the child, as the child is in the custody of the mother's sister. As a result, denial of termination under section 232.116(3)(a) is permitted. But we do not apply the exception just because a child is in a relative's custody. *Id.* at 476. We still look to the child's best interests, both in terms of applying the exception in section 232.116(3)(a) and determining whether to establish a guardianship in lieu of termination. *Id.*; *see also* Iowa Code § 232.104(2)(d)(2) (providing a permanency option of establishing a guardianship for a child if it is determined that terminating a parent's rights is not in the child's best interests).

Here, the fact that the child's maternal aunt has custody of the child does not justify denial of the petition to terminate the mother's parental rights. The mother has struggled with substance-use and mental-health issues throughout this child's life, as well as during the life of this child's older half-sibling, which resulted in termination of the mother's rights to the half-sibling about three months before the termination hearing in this case. The mother has been in and out of drug treatment the child's entire life, never successfully completing a program. When she is not in the structured environment of a treatment facility, she tends to relapse and commit crimes, resulting in regular incarceration throughout the child's life. The circumstances here weigh heavily in favor of terminating the mother's rights, and the fact that a relative has stepped up to fulfill the parenting role the mother

has been unable to fulfill in no way diminishes the need to terminate the mother's rights for the child's benefit. *See A.S.*, 906 N.W.2d at 475 (noting that a decision to terminate parental rights should not "be countermanded by the ability and willingness of a family relative to take the child").

For the same reasons, we agree with the juvenile court that a guardianship is not a better alternative to termination of the mother's rights. Once grounds for termination have been established, a guardianship is not a preferred option to termination. *Id.* at 477. This is especially true given the child's young age, the fact that the child had been out of the mother's custody for about one year at the time of the termination hearing, and the child's need for a more permanent fix than a guardianship would provide. *See id.* As a result, we reject the mother's claim that a guardianship should have been set up for the child rather than terminating her rights.

**AFFIRMED.**